# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JENNIFER WACHTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No: 05 C 3898 |
| INDIAN PRAIRIE SCHOOL DISTRICT #204; NANCY PEDERSEN, in her individual capacity; JOY ROSS, in her individual capacity; and JEANNETTE CLARK, in her individual capacity, | ) Judge John W. Darrah ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

The Plaintiff, Jennifer Wachter, filed a three-count Complaint against the Defendant, Indian Prairie School District #204 ("District #204") and individual Defendants Nancy Pedersen, Joy Ross, and Jeannette Clark. Counts I and II alleged Section 1983 violations – based alleged violations of procedural due process and the Equal Protection Clause, respectively – against District #204 and Defendants Pedersen and Ross. The Defendants filed a Motion to Dismiss the claims against the individual Defendants, Pedersen, Ross, and Clark, which is currently pending before this Court. The Defendants did not move to dismiss the claims against District #204 through this Motion. In Response to the Motion to Dismiss, the Plaintiff moved to voluntarily dismiss the claims against individual Defendants Pedersen and Ross. However, the Plaintiff argues there is no basis for dismissing the claims against individual Defendant Clark, as the Complaint sufficiently alleges facts to place her on notice of the claim.

1

## BACKGROUND

For purposes of this motion, all factual allegations are taken as true from the Plaintiff's Complaint.

From August 1995 until her termination in April 2005, the Plaintiff was a teacher in the Emotional Disability Behavioral Disorder Department for the Indian Prairie School District #204. (Compl. ¶¶ 10, 26). Beginning in January 2005, allegations of wrongdoing were made against the Plaintiff. In January 26, 2005, Plaintiff was called into a meeting with Defendants Ross and Pedersen and told that she was being placed on administrative leave pending an investigation of a complaint that had been made against her. (Compl. ¶ 12). On February 10, 2005, Plaintiff attended an "informative meeting" regarding the complaint against her. (Id., ¶ 15). During this meeting, Plaintiff met with two Department of Child and Family Services ("DCFS") investigators, two Yorkville Police Officers, Plaintiff's union representative, and Defendant Pedersen (Id., ¶ 16). As the Plaintiff learned during this February 10th meeting, the allegations made against her involved inappropriate conduct with one of the students in her class. (Id., ¶¶ 17-18). At the end of February or early March, the Plaintiff met with Defendants Pedersen and Ross at District #204's office. On March 17, 2005, Plaintiff was called into a pre-termination meeting. (Id., ¶ 22).

On or about March 31, 2005, Defendant Clark, a member of District #204's Board of Education, drafted and disseminated a Notice of Remedy to Defendant Pedersen. (Compl. ¶¶ 44-45). On April 7, 2005, the Notice of Remedy was given to the Plaintiff by Defendant Clark. (Id., ¶ 45). According to the Plaintiff, this Notice of Remedy presented numerous inaccurate and fallacious allegations regarding Plaintiff's teaching methods and prior conduct, both in and

outside of the classroom. (Id., ¶24.) As specifically alleged in the Complaint, these allegations included assertions of Plaintiff's "inappropriate personal contact and interaction with students," such as "suggestive and inappropriate physical contact." (Id., ¶24.) In addition, the Notice of Remedy claimed that Plaintiff interacted with staff in an "inappropriate and unprofessional" manner, such as "partially undressing in the school building to show a tattoo and relating details of [her] personal and family situations." (Id., ¶24.)

The Plaintiff's employment was terminated on April 8, 2005.

## LEGAL STANDARD

Generally, in reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993). Documents which are referred to in a complaint and are central to a claim, as well as any matters of public record, may be considered on a motion to dismiss. *See Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002); *Henson v. CSC Credit Serv.*, 29 F.3d 280, 284 (7th Cir. 1994). A plaintiff is not required to plead the facts or elements of a claim. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

## ANALYSIS

In support of their motion to dismiss, the Defendants assert that the state law defamation claim alleged in Count III against Jeannette Clark should be dismissed for failure to state a claim upon which relief can be granted because the Plaintiff fails to identify any specific statement or statements which are alleged to be false and defamatory.

The jurisdiction of this Court over the claim at issue in Count III is based on the Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 (a). As such, this Court must apply Illinois substantive law and must apply procedural law contained in the Federal Rules of Civil Procedure. *Erie Railroad Co. v. Tompkins*, 304 US 64 (1938). Thus, in construing this motion, this Court applies the notice pleading standard pursuant to Federal Rules of Civil Procedure when determining whether the pleading requirements of a supplemental claim of defamation have been met, while Illinois defamation law governs over the substance of this claim.

Under the liberal pleading requirements of Federal Rule of Civil Procedure 8, a complaint is required to contain no more than ". . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8. Illinois law allows a plaintiff to present a claim either for defamation *per se,* amounting to "statements so harmful to reputation that damages are presumed," or defamation *per quod*, where additional facts are necessary for determining the extent of harm, and the plaintiff must show that the statement resulted in special damages. *Bryson v. News Am. Publ'ns, Inc.*, 174 Ill. 2d 77 (1996) *(Bryson)*.

Defamation *per se* claims include falsely accusing someone of committing a crime, falsely accusing someone of having a "loathsome communicable disease," or, as is pertinent to Wachter's case, falsely imputing an inability to perform or want of integrity in the duties of

4

office, employment, or profession. *Lifton v. Board of Educ. of City of Chicago*, 416 F.3d 571, 579 (7th Cir. 2005) (*Lifton*); *Van Horne v. Muller*, 185 Ill.2d 299 (1998). "Statements are defamatory *per quod* under two circumstances: (1) where the defamatory character of the statement is not apparent on its face and resort to extrinsic circumstances is necessary to demonstrate its injurious meaning; and (2) where the statement is defamatory on its face, but does not fall within one of the limited categories of statements that are actionable *per se*." *Bryson*, 174 Ill.2d at 103, 220. Unlike a defamation *per se* action, plaintiff must plead and prove special damages to recover for defamation *per quod*. *Bryson*, 174 Ill.2d at 103. In her Complaint, the Plaintiff alleged that the Notice of Remedy drafted by individual Defendant Clark was defamatory *per se*.

The Defendants assert that the Plaintiff fails to state a claim for defamation because the alleged defamatory statement must contain "an objectively verifiable factual assertion," as opposed to a statement of mere opinion, a proposition for which they cite *Lifton*, 416 F.3d at 579. The Defendants claim that the "Plaintiff utterly fails to identify any particular claimed defamatory statement." (Defs' Memo. in Support of Mot. to Dismiss, at 8). This Court disagrees. In her Complaint, the Plaintiff alleged that "numerous inaccurate and fallacious allegations regarding her teaching methods and prior conduct, both in and outside of the classroom" were made. Plaintiff specifically points to out some of the statements the Plaintiff deemed to be the false allegations that individual Defendant Clark included in the Notice of Remedy, which included: "suggestive and inappropriate physical conduct," "establishing inappropriate familiarity with students and similar conduct," "[having] communicated and interacted with staff in a manner which is inappropriate and unprofessional, including partially undressing in the school

5

building to show a tattoo and relating details of [Plaintiff's] personal and family situations." (Complaint, ¶ 24).

In *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 18-19 (1990) (*Milkovich)*, the Supreme Court reexamined the law of defamation within the context of the first amendment and held that a false assertion of fact can be libelous even though couched in terms of an opinion. *Milkovich*, 497 U.S. at 18-19. "Under *Milkovich*, a statement of opinion is constitutionally protected under the first amendment only if it cannot be reasonably interpreted as stating actual facts." *Schivarelli v. CBS, Inc.*, 333 Ill.App.3d 755,760. (Ill. 1 Dist. 2002) . Here, even if individual Defendant Clark's statements were couched in terms of an opinion, which they do not appear to be, they could reasonably be interpreted as stating actual facts. As a result, in light of the liberal notice pleading requirements of the Federal Rules of Civil Procedure, this Court finds that the Plaintiff met her burden of stating a claim of defamation *per se*.

Next, the Defendants assert that Illinois law of defamation is controlled by the innocent construction rule, citing, *inter alia, Spelson v. CBS, Inc.*, 581 F. Supp. 1195, 1200 (N.D. Ill. 1984). Under the innocent construction rule, if a claimed defamatory statement is reasonably capable of an innocent construction, then it is not, as a matter of law, defamatory *per se*. *John v. Tribune Co.*, 24 Ill.2d 437 (1962). The Court cannot find an alternative, more innocent construction of the statements allegedly made by individual Defendant Clark; and the Defendants offer no such alternative construction. The statements referenced earlier are clear and explicit. As a result, the Court finds, for purposes of this motion, that there has not been innocent construction.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss as to Count III is denied. By motion of the Plaintiff, individual Defendants Nancy Pedersen and Joy Ross are voluntarily dismissed.

Dated: February 1, 2006

JOHN W. DARRAH
United States District Court Judge